UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV22-05087 JAK (MRW) | Date | October 26, 2022 |
|---|---|---|---|
| Title | Newman v. Berryhill | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| James Munoz | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None present | | None present |

**Proceedings:** ORDER TO SHOW CAUSE RE: LACK OF SERVICE OF PROCESS

    Plaintiff filed this Social Security disability appeal on July 21, 2022. The assigned district judge granted Plaintiff's application for IFP status shortly afterward. (Docket # 5.) Consistent with that ruling, Magistrate Judge Wilner issued a scheduling order that informed Plaintiff that she was required to promptly either: request service of the complaint on the agency by the U.S. Marshals Service; or serve the complaint in a manner that complied with Federal Rule of Civil Procedure 4. (Docket # 6.)

    To date, though, Plaintiff does not appear to have taken any step to advance this litigation. Plaintiff made no request for the Marshals to serve the complaint. Further, Plaintiff was required to serve process in this action within 90 days of commencement of the action, or by October 19, 2022. Fed. R. Civ. P. 4(m), Plaintiff was also required by Local Rule 73-2.2 to file a proof of service within ten days of service of the case-commencing documents. However, according to the Court's review of the docket, no proof of service has been filed in the action yet, and the government has not appeared in the action to date.

    Plaintiff is ORDERED to show cause why the action should not be dismissed for failure to serve as required under Rule 4. Plaintiff may discharge this OSC by <u>properly</u> serving the case-commencing documents on the government and filing a proof of service by November 10. Failure to do so will likely result in a recommendation that the case be dismissed under Rules 4 and 41(b). <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884 (9th Cir. 2019).