**JS-6**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIYA NEWMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>          Defendant. | Case No. CV 22-5087 JAK (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>**FRCP 4, 41** |

   The Court dismisses this civil action without prejudice for failure to serve the complaint and for failure to respond to court orders.

* * *

  1. This is an appeal from the denial of Social Security disability benefits. In July 2022, Plaintiff Newman (a self-represented litigant) filed a civil complaint seeking district court review of the agency decision. (Docket # 1.) Plaintiff also sought permission to proceed <u>in forma pauperis</u>. (Docket # 3.) The assigned district judge granted the IFP request. (Docket # 5.)

2. Pursuant to General Order 05-07, the matter was referred to Magistrate Judge Wilner for preliminary proceedings. (Docket # 4.) Judge Wilner issued an order informing Plaintiff of her obligation to serve the complaint on the government within the time specified by Federal Rule of Civil Procedure 4. (Docket # 6.) Judge Wilner directed Plaintiff to promptly file proof of service of the complaint or affirmatively request assistance with service from the Marshals Service. (Id. at 1.)

3. Plaintiff failed to file a proof of service on the government. She also failed to request assistance from the Marshals Service. As a result, in October 2022, Judge Wilner issued an order to show cause why the action should not be dismissed. (Docket # 8.) The OSC noted that the government had neither been served with the complaint nor appeared in the action in the period since Plaintiff filed the case. Judge Wilner also noted that Rule 4(m) required dismissal of the action unless Plaintiff could demonstrate good cause to extend the time for service. The order gave Plaintiff a month to respond to the Court's inquiry and to demonstrate good cause. (Id.)

4. Plaintiff failed to respond to the October 2022 OSC. To date, Plaintiff has not filed anything in this Court since commencing the action last summer (other than a second, superfluous IFP application (Docket # 9, 10)).

\* \* \*

5. Federal Rule of Civil Procedure 4(m) states that "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant." If a plaintiff demonstrates

"good cause for the failure, the court must extend the time for service for an appropriate period."

6. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal under this rule is an "adjudication on the merits" of a claim "unless the dismissal order states otherwise." Fed. R. Civ. P. 41(b).

7. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

\* \* \*

8. The Court concludes that dismissal of this action is appropriate. Plaintiff filed this Social Security appeal in July 2022. Since then, she has failed to take basic steps to serve her complaint on the government. She also failed to respond to two orders from the magistrate judge. Those orders informed Plaintiff of the potential consequence of failing to serve the complaint under Rule 4(m).

9. Plaintiff's failure to participate in the litigation in any meaningful way demonstrates that she has no interest in advancing the action here. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose to abandon her case by failing to respond to

the court's orders.  Furthermore, because Plaintiff is a pro se litigant who did not serve the complaint or comply with the magistrate judge's previous orders, no sanction short of dismissal will be effective in moving this case forward.[1]  Carey, 856 F.2d at 1440.

10.     The Court concludes that dismissal is appropriate under Rules 4(m) and 41(b).  Omstead, 594 F. 3d at 1084.  Because of the nature of Plaintiff's claim and her unrepresented status, the Court exercises its discretion to dismiss the action without prejudice.

Therefore, the present action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: December 1, 2022

JOHN A. KRONSTADT
U.S. DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] Magistrate Judge Wilner notes that, even if Plaintiff had properly served the complaint on the government, this federal action appears to untimely on its face.  According to the complaint, the Social Security Appeals Council denied Plaintiff's claim in February 2022.  Federal law requires that a district court action for review of an adverse ruling be "commenced within sixty days after the mailing to him of notice of such decision."  42 U.S.C. § 405(g) (emphasis added).  Plaintiff did not file this federal action until July 2022 – or over five months after the denial.  The action likely is untimely as a matter of law.

4